FILED
HARRISBURG
16 2006
ANDREA, CLER
DEPUTY CLERK

## DEFENSE COUNSEL FAILED TO FILE TIMELY NOTICE OF APPEAL TO PROTECT PETITIONER'S DIRECT APPEAL

In Petitioner, Anthony Braxton's initial petition presently filed with this court, he specifically states that:

"PETITIONER'S COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE AN APPEAL ON PETITIONER'S BEHALF DESPITE THE FACT THAT PETITIONER RESPECTFULLY REQUESTED HIS ATTORNEY TO FILE A DIRECT APPEAL FOR HIM WITHIN THE REQUISITE TIME PERIOD"

[ **Strickland v. Washington**, 466 U.S. 668 (1984) ... explicitly notes that there are some situations where a defendant need not affirmatively establish prejudice, as "[a]ctual or constructive denial of counsel altogether is legally presumed to result in prejudice." Id. at 692, 104 S.Ct. 2052. **Hernandez v. U.S.**, 202 F.3d 486, 488 (2nd Cir. 2000). In **Rodriguez v. United States**, 395 US 327, 329 (1969), the court held that a §2255 petitioner whose attorney failed to file notice of appeal as instructed need not "disclose what errors [he] would raise on appeal to demonstrate that denial of an appeal had caused prejudice." See also **Peguero v. United States**, 526 US 23, -- 199 S.Ct. 961, 965-66, 143 L.Ed.2d 18 (1999)(O'Connor, J., concurring)(explicitly noting that Rodriguez remains good law); **Pension v. Ohio**, 488 US 75, 88 (1988)(presuming prejudice where state court allows lawyer to withdraw from appeal based on conclusory statement that appeal lacks merit).

Simply put, Strickland's requirement of a showing of prejudice does not apply where the alleged ineffective assistance lies in a counsel's unexcused failure to bring a direct appeal from

1

a criminal conviction upon the defendant's direction to do so. In such circumstances, prejudice will be presumed. See **Restrepo v. Kelly**, 178 F.3d 634, 641-42 (2nd Cir. 1999); **Hernandez v. U.S.**, 202 F.3rd 486, 489 (2nd Cir. 2000).

In the case at bar, Petitioner's counsel failed to file a notice of appeal on behalf of Petitioner, despite the fact that Petitioner specifically requested for his attorney to file a notice of appeal, within the requisite time period, and to perfect his direct appeal. Therefore, this court should allow Petitioner to file a notice of appeal so that his direct appeal can be perfected. In the alternative, this court should hold an evidentiary hearing and then allow the petitioner to file a notice of appeal to perfect his direct appeal.

## PETITIONER HAS "CAUSE" FOR THE PROCEDURAL DEFAULT

Petitioner is aware of the one year statute of limitations under AEDPA but he only became aware of the limitations period through the exercise of due diligence in obtaining the rules of the AEDPA from an "outside" source because this facility in which he is being held does not contain the AEDPA rules in the library so Petitioner has been denied access to the court. Therefore, because the law library at this facility did not have the rules under teh AEDPA, Petitioner was not able to "timely" file his initial §2255 and ask the court to tool the limitations period in this case.

2

In 1977 the Supreme Court imported the concept of "cause" into habeas corpus context. See **Wainwright v. Sykes**, 433 US 72, 87-88 (1977). The court has stated that "cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded his efforts to comply with the procedural rule." **Murray v. Carrier**, 477 US 478, 488 (1986); **Coleman v. Thompson**, 501 US 722, 752-53 (1991); **McCleskey v. Zant**, 499 US 467, 493 (1991). The concepts of '''objective factor''' and '''external impediment''' have broad application. In addition to situations in which these concepts obviously apply (such as cases in which ''' interference by officials''' .... made compliance [with the procedural rule] impractible". See **Dobbs v. Zant**, 506 US 357, 359 (1993); **Murray v. Carrier**, 477 US at 488; **Amadeo v. Zant**, 486 US 214, 222 (1988). The court have concluded that the following situations satisfy the "cause" requirement:

- (1) The "procedural context in which the default occurred" **Wainwright v. Sykes**, supra, 433 US at 96, impeded petitioner from raising the claim at the requisite time or in the requisite way, because the error did not become apparent until after the time when challenges to such errors were required to be raised

- (2) Actions of officials hindered compliance with the procedural rule or made compliance '''impractible.''' see **Strickler v. Greene**, 527 US 263, 283, 289 (1999).

Petitioner avers that the actions of the officials here at FCI Fort Dix, hindered compliance with the procedural rule or made compliance impractible because they denied his access to

3

the court when they failed to provide the law library with the necessary information in regards to the procedural rule under the AEDPA and when they failed to provide this facility with the necessary information in regards to same. Also, Petitioner's access to the court has been denied. See **Bounds v. Smith**, 430 US 817 (1977); **Ex Parte Hall**, 312 US 546 (1941); **Lewis v. Casey**, 135 L.Ed.2d 606 (1996). Petitioner's access to the court has been denied because the Federal Officials at FCI Fort Dix failed to provide the facility with necessary information in regards to the AEDPA's one year statute of limitations and therefore, the court should toll the statute of limitations so that these claims can be adjudicated. Petitioner respectfully urge the court to allow him to file a notice of appeal or in the alternative, Petitioner urge the court to hold an evidentiary hearing and then allow him to file a notice of appeal.

## PREJUDICE

Petitioner has been prejudice because if the officials at this facility would have provided him with the information that he needed to inform him of the timeline, he would have filed his petition(s) in a "timely" fashion. Therefore, this court should toll the statute of limitations.

## CONCLUSION

Petitioner urge the court to allow him to file a notice of appeal or in the alternative to hold an evidentiary hearing and then grant him the requested relief.

Respectfully Submitted,

*Anthony Braxton*
Anthony Braxton