UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:CR-01-195-05 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| ANTHONY BRAXTON | ) | |

FILED
HARRISBURG, PA
DEC 20 2006
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

<u>MOTION RECOMMENDING DOWNWARD DEPARTURE</u>

AND NOW, the United States of America, by its undersigned counsel, moves pursuant to Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines and Title 18, United States Code, Section 3553, and recommends that the Court reduce the sentence to be imposed upon the defendant in light of the defendant's "substantial assistance" to law enforcement. In support of this motion the United States alleges as follows:

1. On November 16, 2001 the defendant entered a guilty plea to a two count Superseding Information charging in each count a violation of Title 18, United States Code, Section 1952(a)(3).

2. The defendant entered this guilty plea pursuant to the terms of a plea agreement with the United States. That plea agreement required the defendant to truthfully cooperate with the government in its investigation of wrongdoing by others, and stated that, if the defendant provided substantial assistance to law enforcement, the government may move for a departure from the sentence otherwise called for by the Sentencing Guidelines in the defendant's case.

3. Following the entry of this plea a presentence report was prepared. That report concluded that the defendant has a criminal history category of VI, and that the defendant's offense conduct resulted in an aggregate offense level of 33. On the basis of these findings, the pre-sentence report concluded that the guidelines imprisonment range for this matter was 235-293 months. However, the defendants combined statutory maximum sentence for the crimes to which he pled guilty was 120 months. Therefore, the guideline imprisonment range was 120 months.

4. While the United States concurs in the guidelines calculations set forth in this pre sentence report, the United States submits that a departure downward from this guideline imprisonment range is warranted in the defendant's case in light of the defendant's substantial assistance to law enforcement. That assistance is described below:

The defendant provided the United States with information regarding the drug trafficking activities of Jeffrey and Harvey Holland and information he had regarding their involvement in the murder of Jason Harrigan. The defendant also testified for the United States at the trial of Jeffrey and Harvey Holland, both of whom were convicted. The defendant was assaulted in prison because of his cooperation and received threatening communications because of his cooperation. The defendant also provided investigators with information regarding the involvement of Robert Coles, a/k/a "Gotti" in drug

trafficking and a murder that occurred in Carlisle. Coles was successfully prosecuted for his involvement in those crimes.

5. Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines provides that the Court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

6. In determining whether a sentence reduction is appropriate, the Court may consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following: 1) the significance and usefulness of the defendant's assistance; 2) the truthfulness, completeness, and reliability of the defendant's information; 3) the nature and extent of the defendant's assistance; 4) any injury suffered or danger or risk of injury to the defendant or others as a result of the defendant's assistance; and 5) the timeliness of the defendant's cooperation. With respect to these factors, in United States v. Torres, ___F.3d.___, 2001 WL 539431 (3rd. Cir. May 22, 2001) the United States Court of Appeals instructed this Court to conduct a qualitative case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings

regarding each of these factors and conduct an individualized examination of the defendant's assistance.

7. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

    A. Nature of the Cooperation: described herein;

    B. Significance of the Cooperation: described herein;

    C. Reliability of the Information Provided: described herein;

    D. Danger to the Defendant: described herein;

    E. Timeliness of Cooperation: the defendant approached investigators and began to cooperate even before his initial appearance and arraignment.

8. In this case, it is submitted that the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure in accordance with the Sentencing Guidelines, since a number of these factors weigh in favor of granting a sentencing departure. Accordingly, in light of the defendant's substantial assistance to law enforcement, and in recognition of the substantial benefit the defendant received from the charge bargain he entered into with the government, the United States recommends that this court grant a modest departure below the guidelines imprisonment range otherwise set for this offense when sentencing the defendant.

WHEREFORE, for the foregoing reasons, the United States recommends a departure from the guidelines imprisonment range otherwise called for in this case in light of the defendant's substantial assistance to law enforcement.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY

BY: _____
ASSISTANT U.S. ATTORNEY